## DAMAGES UNDER THE VALENTINE ANTI-TRUST LAW.

Common Pleas Court of Hamilton County.

THE HENRY GILDEHAUS COMPANY V. THE BUSSE & BORGMAN
COMPANY ET AL.

Decided, November, 1916.

*Valentine Anti-Trust Law—Undertakers' Protective Association
Charged with Libeling an Outside Concern—Members of the As-
sociation Not Answerable Under the Anti-Trust Law, When.*

1. Under the provisions of the Valentine anti-trust law damages can
   be recovered for only such acts as are expressly forbidden by
   that act, and the provisions of that act should not be given a
   wider scope than its terms fairly import.
2. But a combination of persons formed for the purpose of boy-
   cotting those who refuse to become members of their organiza-
   tion and the further combining of such organization with a labor
   union in furtherance of said boycott, whereby an attempt is
   made to prevent the public from dealing with said non-members
   on account of their alleged unfairness toward union labor, is a
   combination to create or carry out restrictions in trade or com-
   merce within the meaning of the Valentine anti-trust law.

*Dempsey & Nieberding* and *Dinsmore & Shohl,* for the motion.
*Sherman T. McPherson,* contra.

GEOGHEGAN, J.

Heard on motion to strike from the petition.

The averments contained in the petition designated in the
motion by the numbers 1, 2, 3, 4, 5 and 6, will be stricken out.
An examination of the petition discloses that these allegations
are simply statements of what is contained in the by-laws of,
what is described as "The Undertakers' Protective Association
of Cincinnati," etc. They seem to be unnecessary and imma-
terial to the cause of action set forth in the petition, and if they
have any place in this lawsuit it can only be as matters of evi-
dence.

As to the averment designated in the motion as number 7, I have come to the conclusion that that may properly remain in the petition inasmuch as it contains the alleged covenant whereby. the members of the association fix the prices for their conveyances and provide a punishment for the infraction of the rule laid down in Section 26. While, of course, it would not have been necessary to set out this provision verbatim, nevertheless, in the light of all the circumstances pleaded and the nature of the cause of action set forth in the petition, I am of the opinion that it should be permitted to remain in the pleading just as it is.

As to the averment designated under number 8 in the motion, I think the motion is well taken. I do not think that the fact that the plaintiff was compelled to buy an auto hearse by reason of the refusal of the defendant to provide him with one is a proper element of damage in a cause of action of this kind brought under a special statute. It may be presumed that plaintiff still has the hearse and it is worth as much as plaintiff paid for it. Therefore, no damage could have been sustained.

As to the averment designated as number 9 in the motion, the question involved has not been without difficulty. That averment is as follows:

"That the defendant circulated and caused to be circulated in Cincinnati, Hamilton County, Ohio, in furtherance of said agreement and conspiracy above set forth, that plaintiff was unfair to union labor, knowing the same to be untrue, to the great damage and injury of its business."

This action is one brought to recover the penalty provided for in Section 6397, General Code, which is a part of that act which is commonly known as the Valentine anti-trust law. Inasmuch as the action is brought under that act, it would seem that damages can only be recovered for the doing of those things that are expressly prohibited by the act.

I have made a careful examination of all the provisions of the act and nowhere do I find therein that a conspiracy entered into between two or more persons for the purpose of boycotting another in his business by circulating that he is unfair to union

labor is prohibited by the act. While it is true that as a matter of law such a conspiracy may be made the subject of an action for damages by him who has been injured thereby, nevertheless, in a special action authorized by statute such as the one under review here, it would seem that the provisions of the act should not be given a wider scope than its terms fairly import, nor should damages be given for injuries that are not expressly provided for in the statute, and this is especially true where the damages fixed by the statute are not only compensatory but are exemplary in their nature as in this case where the statute allows twofold the damages sustained by the one injured.

Therefore, I am of the opinion that the averment designated in the motion as number 9 should be stricken out.

I will make the same ruling as to the averment designated as number 10 in the motion. That allegation is as follows:

"Plaintiff further says that the defendants are an unlawful trust and combination of capital, skill, and acts, to accomplish the unlawful purpose aforesaid."

This averment is purely epithetical in its nature and does not add anything to what has already been said. When a party has pleaded the facts upon which his cause of action is based, it does not add anything to that cause of action to characterize the acts of the defendants as unlawful, wrongful, illegal ,etc., and, therefore, inasmuch as under this ruling the petition will have to be amended, this allegation will be stricken from this petition as being unnecessary and immaterial. If this were the only ground of the motion, the court would not be inclined to compel an amendment of the petition, but in the interest of accurate pleading does so inasmuch as an amendment must be made.

Leave will be given to file an amended petition.

## ON REHEARING.

GEOGHEGAN, J.

This matter came on again for a rehearing of the court's ruling striking from the petition herein the averment reading as follows:

"That the defendants circulated and caused to be circulated in Cincinnati, Hamilton county, Ohio, in furtherance of said agreement and conspiracy above set forth that plaintiff was unfair to union labor, knowing the same to be untrue, to the great damage and injury of its business."

The court, at the time of ruling upon said motion, expressed the opinion that the act known in Ohio as the Valentine Anti-Trust Law, Section 6390, *et seq.*, General Code, did not by its terms expressly prohibit the doing of the act complained of in the allegation above set forth, and that as this action was brought to recover the penalty provided for in said act, only such things might be pleaded as were expressly prohibited by said act. At that time the court's attention had not been directed to the various cases decided by the Supreme Court of the United States in which the Sherman Anti-Trust Law was discussed and construed, especially the case of *Loewe* v. *Lawlor*, 208 U. S., 275, wherein the Supreme Court of the United States held as follows:

"A combination of labor organizations and the members thereof, to compel a manufacturer whose goods are almost entirely sold in other states, to unionize his shops and on his refusal so to do to boycott his goods and prevent their sale in states other than his own until such time as the resulting damage forces him to comply with their demands, is, under the conditions of this case, a combination in restraint of interstate trade or commerce within the meaning of the Anti-Trust Act of July 2, 1890, and the manufacturer may maintain an action for threefold damages under Section 7 of that act."

Now, the only theory upon which the combination of labor organizations was held to be a combination within the purview of the Sherman Anti-Trust Act was that it was a combination in restraint of interstate trade or interstate commerce.

Section 6391 of the General Code of Ohio provides as follows:

"A trust is a combination of capital, skill, or acts by two or more persons, firms, partnerships, corporations or associations of persons for any or all of the following purposes:

"1. To create or carry out restrictions in trade or commerce. * * *"

It seems, therefore, that by a parity of reasoning a combination of persons for the purpose of boycotting a person who will not become a member of their organization and a further combination by these persons with a union labor organization in furtherance of this boycott, whereby an attempt is made to have persons refuse to deal with him on account of an alleged unfairness to union labor, is a combination to create or carry out restrictions in trade or commerce within the view of this act.

Therefore, I have reconsidered my opinion heretofore rendered and now hold that in so far as the matter above sought to be stricken out is concerned the motion should be overruled.

An order will therefore be prepared in conformity with this ruling and the ruling heretofore made is modified by this ruling.

---

## CONCURRENCE OF ALL TWELVE JURORS NECESSARY IN AN APPROPRIATION CASE.